John Twyman et al., Plaintiffs, *v.* Milk Bottlers Federation, Defendant.

City Court of New York, Kings County, January 25, 1943.

*Murray Natbony* for plaintiffs.

*James Wilson Young* for defendant.

HARRISON C. GLORE, Official Referee. Plaintiffs, nine in number, seek to recover unpaid minimum wages and unpaid overtime compensation under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*) for the period between October 24, 1938, and May 14, 1941, plus a similar amount as liquidated damages, together with attorney's fees.

The answer denies that defendant is engaged in interstate commerce or in the production of goods for commerce Among other defenses, the answer alleges that defendant is a service establishment and that the greater part of its business is intrastate, to which its alleged interstate activities are incidental. The answer further alleges that substantially all the milk concerns to whom services are rendered are exempt as being engaged in the first processing of milk.

The number of overtime hours to which plaintiffs would respectively be entitled in the event defendant is found to be engaged in interstate commerce or the production of goods for commerce has been agreed upon and is set forth in Exhibit A.

The first question to be determined is whether or not defendant is engaged in interstate commerce. Upon the evidence before me and the quite unusual situation with which it deals, I am of the opinion that defendant is not so engaged. Defendant is a nonprofit federation of milk dealers consisting of about 250 members and organized under a Board of Trade Act. As a nonprofit organization in the nature of a board of trade it pays no dividends and its only activity, so far as the question now under consideration is concerned, is confined to rendering services to milk dealers who, in large part, are resident members of defendant federation engaged in the processing of milk. Of its total membership, some 15 members are nonresidents of the State of New York.

The service rendered by defendant, which it is alleged engages defendant in interstate commerce or the production of goods for commerce, is the business of recovering and collecting stray milk bottles, milk cans, covers, and milk containers, and the assorting, washing, and repairing of same for the purpose of effecting the return thereof to the rightful owners, both in New York State and in neighboring States outside of New York.

Section 360 of the General Business Law of New York provides for the registration of milk containers, above referred to, after which registration the possession of them, except by a duly authorized agent or consent of the owner, is declared to be unlawful. By section 270 of the General Business Law the use, sale, disposition or traffic in such articles is forbidden as unlawful. By reason of the above statute, milk containers, such as above described, are not bought and sold in commercial trade, nor is there any independent traffic in them. At least, this record is barren of proof of any commercial traffic in registered milk bottles, milk cans, or other milk containers. The dairy concerns, to whom stray milk containers such as bottles, cans and boxes, are returned by defendant, are the ultimate consumers of them, as dairy concerns are the sole owners of the containers bearing their name, mark or device, and the containers are never sold with or at the time of sale of the milk or cream contained in them.

The evidence in this case, therefore, clearly indicates that registered milk containers, such as served by defendant, if and when moved in commerce, are so moved only by the owner in whose name registered, and then only for the specific purpose of providing a carrier of the dairy products contained in them. As to the container itself, the owner is the ultimate consumer. It is further indicated that the owners of registered milk containers, to whom defendant renders service, are exempt from the provisions of section 6 and subdivision (a) of section 7 of the Fair Labor Standards Act of 1938 (U. S Code, tit. 29, §§ 206, 207[a]), as " an employer engaged in the first processing of milk, whey, skimmed milk, or cream into dairy products. " (§ 7, subd. [c].) (*Tucker* v. *Hitchcock*, 44 F. Supp. 874, 878; *Heaburg* v. *Independent Oil Mill*, 46 F. Supp. 751, 754.)

Reclamation of stray milk containers found without the State is but a small part of defendant's intrastate activities, the ratio between the two being figured at approximately .0015 per cent. Even though these goods, identified by the registry device or name of the owner, could be held to be goods suitable for " interstate commerce, " within the accepted meaning of that term, the business of servicing goods so earmarked might reasonably be found intrastate in character. If defendant's activities merely affect interstate commerce in an undefined way, they are not an engagement in commerce within the meaning of the Fair Labor Standards Act. (*Jax Beer Co.* v. *Redfern*, 124 F. 2d 172; *Jewel Tea Co.* v. *Williams*, 118 F. 2d 202.)

The second question to be considered is whether or not defendant is engaged in the production of goods for commerce. Largely for reasons given I am of the opinion that defendant is not so engaged. On the contrary, defendant's activities seek to prevent registered milk containers from becoming a part of commerce. For such purpose these milk containers are summarily seized wherever found, cleaned, and restored to the rightful owner, who, alone, is the ultimate consumer of them.

Unmindful of what service defendant may render to registered milk containers, their status, irrespective of their condition, remains unchanged. Unrestricted traffic in them or general use of them being unlawful, they are not a marketable product suitable for commerce. The reason to keep them so is obvious.

The objects of defendant federation are in keeping with the provisions of sections 270 to 360 of the General Business Law and with the provisions of the Sanitary Code of the City of New York. The objective is to first identify through registration and then to protect by rigid regulation all vehicles used in the transportation or delivery of milk products. Among these, it is noted, are found the goods which defendant is claimed to be engaged in producing for interstate commerce, notwithstanding the fact that the laws of the State of defendant's incorporation declare unrestricted traffic in, or general use of, such goods to be unlawful.

Plaintiffs have the burden of proof of showing that both the employer and the employees are engaged in interstate commerce or the production of goods for commerce. For such reason reference throughout has been made to defendant as employer, of plaintiffs as employees.

Reference is made to interpretative bulletins of the Administrator of the Wage and Hour Division. While persuasive and entitled to great weight, interpretations of the Administrator are not controlling. Moreover, I find nothing in the bulletins called to my attention expressing an opinion upon similar facts which materially differs from the views here expressed.

It follows from the above that decision must be given for defendant. Judgment accordingly.

(February 9, 1943.)

Motion is granted so as to correct an obvious mistake and supply an omission in the opinion as originally transcribed. The opinion is accordingly amended to include facts omitted and as amended to read as follows: Reclamation of stray containers belonging to the fifteen nonresident members of the

defendant is but a small part of defendant's intrastate activities, the ratio between the two being figured at approximately .0015 per cent. It is further shown that containers delivered to members and nonmembers outside the State of New York between October 1, 1938, and June 30, 1941, was approximately 1.256 per cent of defendant's total activities, while collections made from outside the State during the same period was approximately 2.029 per cent.